Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO ANTONIO ENRIQUEZ, | Case No.: 20 CV 7052 |
| Plaintiff, -against- | **COMPLAINT in an FLSA ACTION** |
| MAXIMILLION CAFE CORPORATION, dba HOT AND FRESH BAGELS AND MORE, and RATNAWATI LUBIS and AHSAN ULLAH, | ECF Case |
| Defendants. | |

Plaintiff, Marco Antonio Enriquez ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Maximillion Cafe Corporation, doing business as Hot and Fresh Bagels and More, located at 1585 Third Avenue, New York, New York 10128, or any other business entity doing business as Hot and Fresh Bagels and More, located at located at 1585 Third Avenue, New York, New York 10128 (hereinafter, "Hot and Fresh Bagels"); and Ratnawati Lubis and Ahsan Ullah, individually (all defendants, collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff, Marco Antonio Enriquez, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover

from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.  Plaintiff, Marco Antonio Enriquez, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.  Plaintiff is an adult resident of Bronx County, New York.

6.  Defendant, Maximillion Cafe Corporation, doing business as Hot and Fresh Bagels and More, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 1585 Third Avenue, New York, New York 10128.

7. Upon information and belief, Defendant, Ratnawati Lubis, is an owner, general manager, officer, director and/or managing agent of Maximillion Cafe Corporation, whose address is unknown at this time and who participated in the day-to-day operations of Maximillion Cafe Corporation, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Maximillion Cafe Corporation.

8. Upon information and belief, Defendant, Ahsan Ullah, is an owner, general manager, officer, director and/or managing agent of Maximillion Cafe Corporation, whose address is unknown at this time and who participated in the day-to-day operations of Maximillion Cafe Corporation, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Maximillion Cafe Corporation.

9. The individual defendants, Ratnawati Lubis and Ahsan Ullah, both exercised control over the terms and conditions of their employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of their employees, and (v) otherwise affect the quality of their employees' employment.

10. Plaintiff, Marco Antonio Enriquez, was employed by Defendants in New York County, New York, to work as a general helper, cleaner and delivery person, at Defendants' deli and store known as "Hot and Fresh Bagels and More", located at 1585 Third Avenue, New York, New York 10128, between July 2018, and April 2020, without interruption.

11. During the period of time relevant to the allegations herein, *to wit*, July 2018 through April 2020, Hot and Fresh Bagels and More, located at 1585 Third Avenue, New York, New York 10128, through corporate entities, operated a deli.

12. Defendant, Maximillion Cafe Corporation, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

13. At all relevant times, Maximillion Cafe Corporation was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiff, Marco Antonio Enriquez, was directly essential to the businesses operated by defendants.

15. Plaintiff was always paid by cash, and worked for the store/deli and directly for Ratnawati Lubis and Ahsan Ullah, for almost two (2) years.

16. Defendant, Ratnawati Lubis, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required

4

to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

17. The defendant corporation is owned, operated, and controlled by the individual defendant Ratnawati Lubis.

18. Defendant, Ahsan Ullah, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

19. The defendant corporation is owned, operated, and controlled by the individual defendant Ahsan Ullah.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, in contravention of the FLSA and New York Labor Law.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Marco Antonio Enriquez lawfully earned minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

22. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Marco Antonio Enriquez lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

23. Plaintiff, Marco Antonio Enriquez, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

24. In or about 2009, Plaintiff, Marco Antonio Enriquez, was hired by Defendants to work as a helper and cleaner, and delivery person, at Defendants' deli

doing business as "Hot and Fresh Bagels" located at 1585 Third Avenue, New York, New York 10128.

25. Plaintiff Marco Antonio Enriquez was continuously employed by Defendants, between July 2018 through April 2020.

26. Plaintiff worked prior to July 2018, part time, for a sister deli owned and operated by the same individual defendants, located in the same area at 79th Street and First Avenue, in Manhattan.

27. Plaintiff's responsibilities included cleaning and stocking items, acting as a general helper and doing deliveries.

28. Plaintiff assigned schedule was 7:00 a.m. until 2:00 p.m. and longer hours on Saturdays and Sundays. He worked six (6) days per week; his usual day off was Wednesdays.

29. Throughout most of his employment, Plaintiff worked a total of between forty-eight (48) and fifty-three (53) hours per week. On occasion, he worked up to sixty (60) hours per week.

30. Plaintiff was paid on an hourly basis at a rate of nine dollars and five cents ($9.05) per hour.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff, when his shift exceeded ten (10) hours.

33. Plaintiff was paid hourly and he punched a time clock when he began and ended his work each day.

34. Plaintiff was paid in cash; he not provided any receipt or other documentation, e.g., a wage statement or paystub, with his weekly wages.

35. Plaintiff was not paid any wages for his last four (4) days of work, which totaled thirty-two (32) hours.

36. Plaintiff was always paid his weekly wages in cash.

37. Defendant, Ratnawati Lubis, is an individual who, upon information and belief, owns the stock of Maximillion Cafe Corporation, owns Maximillion Cafe Corporation, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

38. Defendant, Ahsan Ullah, is an individual who, upon information and belief, owns the stock of Maximillion Cafe Corporation, owns Maximillion Cafe Corporation, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

39. Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

40. Defendants are not entitled to take a "tip credit" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing Plaintiff, of the amount of "tip credit" taken for each payment period; and (iii) required Plaintiff, to spend in excess of 20% of his work shift performing non-tipped work.

41. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

42. Plaintiff was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, an hourly rate calculation, any deductions, and compensation.

## STATEMENT OF CLAIM
## COUNT I
### [Violation of the Fair Labor Standards Act]

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

48. Defendants willfully failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

49. Plaintiff was entitled to be paid for all hours worked and at the rate of time and one-half the minimum rate of pay for hours worked in excess of forty (40) each week.

50. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff minimum wages for all hours worked.

51. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

52. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful wages, and overtime compensation, for hours worked when they knew or should have known such was due.

53. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

54. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff which may be in the possession and custody of the Defendants may be false as Plaintiff was not given a weekly statement of his hours and wages and was asked to sign a false document.

55. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

56. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

57. Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

58. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

59. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked.

62. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages for all hours worked; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

63. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his

regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

64. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

65. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

66. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for him full hours worked; and, any overtime due.

68. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

69. Plaintiff was not provided with a proper, written wage notice, as required by law.

70. Plaintiff was not provided with true and accurate weekly wage statements as required by law.

71. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

72. Defendants' failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

73. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages and overtime compensation due under the FLSA and New York Labor Law;

(b) An award of liquidated damages as a result of Defendants' failure to pay wages, minimum wages and overtime compensation, pursuant to 29 U.S.C. § 216;

(c) An award of civil penalties, pursuant to the New York State Wage Theft Prevention Act;

(d) An award of prejudgment and post-judgment interest;

  (e) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and

  (f) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
   August 31, 2020

              Respectfully submitted,

              CILENTI & COOPER, PLLC
              **Attorneys for Plaintiff**
              10 Grand Central
              155 East 44th Street – 6th Floor
              Telephone (212) 209-3933
              Facsimile (212) 209-7102

         By: _____
            Peter H. Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Ratnawati Lubis
      Ahsan Ullah

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Marco Antonio Enriquez intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Maximillion Cafe Corporation, located at 1585 Third Avenue, New York, New York 10128, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       August 31, 2020

                                    Respectfully submitted,

                           By:      _____
                                    Peter H. Cooper (PHC 4714)
                                    CILENTI & COOPER, PLLC
                                    **Attorneys for Plaintiff**
                                    10 Grand Central
                                    155 East 44th Street – 6th Floor
                                    New York, NY 10017
                                    Telephone  (212) 209-3933
                                    Facsimile (212) 209-7102
                                    E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Marco Antonio Enriquez_, am an employee currently or formerly employed by _New York Hot & Fresh Bagels_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_August 31_, ~~2019~~ 20

_/s/ signature_